12-4516-cv
Adams v. Ellis, *et al.*,

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of October, two thousand and thirteen.

Present:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> DEBRA A. LIVINGSTON,
> > *Circuit Judges*,

_____

Adreina Adams,

> *Plaintiff-Appellant*,

> v.                                                        No.  12-4516-cv

Anthony Ellis, Executive Director of
New York State Division of Parole, *et al.*,

> *Defendants–Appellees*.

_____

FOR APPELLANT:                        Linda M. Cronin, Cronin & Byczek,
                                      Lake Success, NY.

FOR APPELLEES:                        Barbara D. Underwood, Solicitor General; Michael
                                      S. Belohlavek, Senior Counsel; Brian A.
                                      Sutherland, Assistant Solicitor General of Counsel,
                                      for Eric T. Schneiderman, Attorney General of New
                                      York, New York, NY.

_____

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-Appellant Adreina Adams ("Adams"), appeals the district court's judgment granting Defendants-Appellees' motions for summary judgment with respect to Adams's First, Fourth, and Fourteenth Amendment claims and her hostile work environment claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"This Court reviews a district court's grant of summary judgment de novo, viewing the facts in the light most favorable to the non-moving party and resolving all factual ambiguities in its favor." *Singh v. City of New York*, 524 F.3d 361, 366 (2d Cir. 2008) (relying on *Buffalo Teachers Fed'n v. Tobe*, 464 F.3d 363, 367 (2d Cir. 2006)).

"To establish a First Amendment retaliation claim, a plaintiff must show: (1) his speech addressed a matter of public concern; (2) he suffered an adverse employment action; and (3) a causal connection between the speech and the adverse employment action." *Id.* at 372 (relying on *Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ.*, 444 F.3d 158, 162 (2d Cir. 2006)). Whether speech is a matter of public concern is a question of law that is determined by the "content, form and context of a given statement, as revealed by the whole record." *Connick v. Myers*, 461 U.S. 138, 147-48 & n.7 (1983).

Adams asserts that she has been "very vocal" at hearings before the New York State Assembly, press conferences, and rallies regarding certain practices and procedures of the New York State Division of Parole. Aside from providing a transcript of the public hearing before the

2

New York State Assembly, Adams fails to offer substantive details as to the remarks she made at other events. Adams's comments at the New York State Assembly hearing primarily concerned her assessment of a parole officer's workplace responsibilities. Considering the content, form, and context of Adams's speech, her remarks do not pertain to a matter of public concern. Reiterating the Supreme Court's observations in *Connick*, Adams's comments "would convey no information at all other than the fact that a single employee is upset with the status quo." *Id.* at 148.

With regard not only to Adams's First Amendment retaliation claim but also with regard to her other constitutional and statutory claims, having conducted an independent and *de novo* review of the record, we AFFIRM the judgment of the district court substantially for the reasons articulated in its thorough and well-reasoned decisions.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk